Pee Cttexam.
Tbis Court feels bound by tbe authority of tbe case of Howard vs. Faber, 1827, (2 McC. Cb. 446,) wbicb seems to bave been ably argued' and carefully considered, and bad tbe concurrence of tbe whole Court of three, then tbe appellate tribunal for all cases, both of law and equity. If tbe evils wbicb would then bave resulted, from tbe denial of tbe power wbicb Ordinaries bad long exercised, of appointing guardians of tbe persons and personal estates of minors, would bave been greater than any foresight could bave anticipated, vastly aggravated would be tbe evils of now overruling that decision. Beginning then with a firm reliance upon what has been settled, we find nothing in subsequent legislation wbicb deprives tbe Ordinary of tbe power be has exercised in. tbe case before us. Tbe 31st section of tbe Ordinary’s Act of 1839, (11 Stat. 47,) was clearly restrictive. If it related to intestate estates only (as tbis appellant supposes) then it leaves untouched tbe power as to testate estates, wbicb tbe Ordinary before possessed. Tbe Act of 1846, (11 Stat. 358,) only increased tbe sum wbicb by tbe Act of 1839 was made tbe limit of juris-d-1 jtipn, and whether its words do, (as tbe appellant supposes) or do not, more clearly than those of tbe Act of 1839, confine its provisions to cases of intestacy, they in no way deny tbe power as to cases of testacy within tbe limit. Tbe debatable questions are, whether tbe Ordinary’s power to appoint a guardian, for tbe personal estate of a minor, in cases where that estate arises under a testament is confined to cases where tbe executor under the testament is accountable to tbe Ordinary, and has been decreed by him to owe a *192 certain sum to tbe minor; and whether the limit of three thousand dollars, fixed by the Act of 1846, applies to such cases under a testament. The decision of these questions is not necessary in the case before us. Under any view of them, the Ordinary here had the power which the appeal challenges: and- therefore, without going beyond what the occasion requires, the Court dismisses the appeal, and confirms the order of the Ordinary.
Wardlaw, Withers, WhitNer, Grover, and Mthstro, JJ., concurring.

Motion dismissed.

 Hon. John B. O’Neall absent, holding Circuit Court for Charleston.